| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      IN CHAMBERS - ORDER

      Before the Court is a Motion to Dismiss filed by plaintiff and cross-defendant City Drinker, Inc. ("City Drinker") and cross-defendants Francis König, Benson Juarez, and Daniel Fugardi (collectively "Cross-Defendants") (Docket No. 41). Cross-Defendants challenge the sufficiency of 14 of the 21 cross-claims contained in the First Amended Cross-Claim filed by defendants and cross-complainants Lakshmi Kodali, Cheeti Pavan Kumar Rao, and LAD Software Solutions Ltd., PVT (collectively "Cross-Complainants"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 19, 2014, is vacated, and the matter taken off calendar.

      According to City Drinker's operative First Amended Complaint ("FAC"), City Drinker hired Kodali to manage the software development of online and mobile-based payment systems. Kodali was named as City Drinker's Chief Operations Officer in October 2012. Kodali agreed to manage the software development team located in India. As part of his agreement with City Drinker, Kodali tendered $100,000 to City Drinker in exchange for 100,000 shares of City Drinker's common stock. The FAC alleges that over the next 11 months, City Drinker forwarded to Kodali and the other defendants approximately $116,000 to pay for software development expenses. Despite these payments, Kodali and the other defendants failed meet project deadlines. The FAC alleges that after a dispute developed in September 2013 between City Drinker and Kodali involving the missed deadlines and demands for further payments to the software development team, Kodali and the software development team stopped all work on the project.

      City Drinker commenced this action on December 16, 2013, and filed the FAC on February 10, 2014. The FAC alleges claims against Kodali, Kodali Uma, Cheeti Pavan Kumar Rao, Kodali Nagarjuna Rao, Preethi Yalamanchili, David Barkhordari, Ali Pourvasei, LAD Software Solutions Ltd., PVT, LAD IT Solutions Ltd., PVT, and LAD Solutions LLC (collectively "Defendants") for: (1) violations of § 10(b) and Rule 10b-5 of the Securities Exchange Act; (2) fraud; (3) violations of California Corporations Code section 25401 and 25501; (4) unfair business practices pursuant to California Business and Professions Code section 17200; (5) conversion; (6) breach of fiduciary duty; (7) negligent misrepresentation; (8) breach of contract; and (9) unjust enrichment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

Cross-Complainants filed their Cross-Claim on January 23, 2014. After Cross-Defendants filed a Motion to Dismiss challenging the sufficiency of the original Cross-Claim, Cross-Complainants filed their First Amended Cross-Complaint ("1st Amended Cross-Complaint") as a matter of right. The first ten claims of the 1st Amended Cross-Complaint are brought on behalf of Kodali as a derivative action against City Drinker, and cross-defendants Francis König, Benson Juarez, and Daniel Fugardi for: (1) a derivative action pursuant to Federal Rule of Civil Procedure 23.1 and California Corporations Code section 800; (2) involuntary dissolution; (3) appointment of receiver; (4) breach of contract; (5) breach of fiduciary duty; (6) fraud; (7) rescission; (8) money had and received; (9) accounting; and (10) constructive trust. According to the 1st Amended Cross-Complaint, Kodali sent a demand letter to König on December 27, 2013, notifying König of certain improprieties, failures by König to make material disclosures, frivolous spending and corporate waste at City Drinker, and demanding an accounting. The demand letter was addressed to König in care of the attorney who had commenced this action on behalf of City Drinker. The 1st Amended Cross-Complaint alleges that City Drinker's directors took no action in response to the demand letter and that demand is otherwise futile.

The 1st Amended Cross-Complaint also includes cross-claims for: (11) common law and statutory fraud on behalf of all Cross-Complainants against City Drinker and König; (12) negligent misrepresentation on behalf of Kodali against City Drinker and König; (13) breach of contract on behalf of Kodali against City Drinker and König; (14) breach of the implied covenant of good faith and fair dealing on behalf of Kodali against City Drinker and König; (15) violation of California Labor Code section 201 for unpaid wages on behalf of Kodali against City Drinker and König; (16) violation of California Labor Code section 2802 on behalf of Kodali against City Drinker and König; (17) wrongful termination in violation of public policy on behalf of all Cross-Complainants against City Drinker and König; (18) intentional infliction of emotional distress on behalf of Kodali and Pavan against City Drinker and König; (19) quantum meruit on behalf of all Cross-Complainants against City Drinker and König; (20) unfair business practices pursuant to California Business and Professions Code section 17200 on behalf of all Cross-Complainants against City Drinker and König; and (21) breach of oral contract on behalf of all Cross-Complainants against City Drinker and König.

I.  **Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

However, in <u>Twombly</u>, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." <u>Twombly</u>, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." <u>Id.</u> at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); <u>Daniel v. County of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting <u>Burgert v. Lokelani Bernice Pauahi Bishop Trust</u>, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the <u>Twombly</u> standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

II.  **<u>Analysis</u>**

Cross-Defendants' Motion to Dismiss seeks dismissal of Kodali's first through tenth cross-claims alleging a derivative action for failure to adequately comply with the demand requirements for bringing derivative claims. Cross-Defendants also seek dismissal of Kodali's 14th through 17th cross-claims alleging employment-based claims because, according to Cross-Defendants, Kodali was an independent contractor rather than an employee. Cross-Defendants also contend that Kodali's 14th cross-claim for breach of the implied covenant of good faith and fair dealing fails because tort damages are not available for the bad faith breach of an employment contract and that Cross-Complainants' 17th cross-claim for termination in violation of public policy fails to state a claim because the 1st Amended Cross-Complaint does not identify a public policy. Cross-Defendants do not challenge the sufficiency of the 11th through 13th and 18th through 21st cross-claims. Cross-Complainants filed an Opposition to the Motion. Cross-Defendants did not file a timely Reply. <u>See</u> Local Rule 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

A. **Derivative Claims**

Federal Rule of Civil Procedure 23.1 establishes pleading requirements for derivative actions filed in federal courts. To satisfy Rule 23.1's pleading requirements:

> The complaint must be verified and must:
>
> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
>
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
>
> (3) state with particularity:
>
> > (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
> >
> > (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b).

City Drinker is incorporated in Nevada and maintains its principal place of business in California. The law of a corporations's state of incorporation provides the substantive standards for measuring the adequacy of a shareholder's demand and the futility of making a demand. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 990 (9th Cir. 1999). The parties agree that Nevada law borrows from the law of Delaware to assess the sufficiency of a shareholder's demand and the futility of making a demand. See Shoen v. SAC Holding Corp., 122 Nev. 621, 633-34, 137 P.3d 1171, 1179-80 (2006). Under Delaware law:

> There can be no precise rule as to how much time a Board must be given to respond to a demand. Indeed, the question in premature filing cases is not how much time is needed to respond to the demand, but whether the time between demand and filing of suit was sufficient to permit the Board of Directors to discharge its duty to consider the demand. Generally, if demand is required, the amount of time needed for a response will vary in direct proportion to the complexity of the technological, quantitative, and legal issues raised by the demand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

Allison v. Gen. Motors Corp., 604 F. Supp. 1106, 1117-18 (D. Del. 1985).

  According to Cross-Defendants, Kodali's derivative claims fail because he did not make an adequate demand to City Drinker's Board of Directors. Instead, Kodali's demand was sent only to König, in care of City Drinker's litigation counsel, and not to City Drinker's Board of Directors. Kodali's demand, directed only to the individual he accuses of engaging in improper spending and misrepresentations, is not a demand on the Board of Directors and did not provide the Board with an adequate opportunity to investigate Kodali's claims. See Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1209 (9th Cir. 1980) ("The district court determined that Greenspun failed 'in not seeking relief from the board of directors of Webb Corp. Before filing suit.' We agree that the audience to whom Greenspun presented his demands, the president/director and general counsel of the corporation, was not an authority comparable to the board of directors. Greenspun accordingly failed to comply with Rule 23.1."). Although Kodali alleges that any failure on his part to make an adequate demand should be excused as futile, the 1st Amended Cross-Complaint alleges no facts to support this contention. Merely alleging that a proper demand would be futile is not sufficient. See id. ("Plaintiff first alleges that a demand as to Johnson would have been futile because the directors were controlled by Johnson. . . . [A] bare allegation without factual support cannot excuse demand.").

  Because Kodali failed to satisfy Rule 23.1's demand requirement, the 1st Amended Cross-Complaint's first through tenth derivative cross-claims fail to state a claim upon which relief can be granted. Kodali has not identified any additional facts that would cure the deficient demand despite having previously amended the Cross-Complaint. The Court therefore dismisses the derivative cross-claims without leave to amend.

  B.  **Employment Claims**

  In its Motion to Dismiss, City Drinker contends that Kodali's employment cross-claims must fail because he was not an employee of City Drinker, but instead served as an independent contractor. The offer letter City Drinker prepared and that was signed by Kodali states that he will be the Chief Operations Officer and that the offer "is subject to your agreement to the terms and conditions contained in the attached agreement titled 'Confidential Information and Invention Assignment Agreement for Independent Contractor' which you have been provided." Additionally, beneath the line for Kodali's signature, the offer letter describes Kodali as "'Independent Contractor.'" As referenced in the offer letter, Kodali signed a "Confidential Information and Invention Assignment Agreement for Independent Contractor." That agreement includes a provision that states: "This Agreement is not an employment agreement. I understand that I am an Independent Contractor and will be responsible for the payment of all taxes involving my engagement with the Company including but not limited to all local, state, and federal taxes. The Company may terminate my association or employment with it at any time, with or without cause." Kodali signed the agreement.

  Despite his having signed two agreements in which Kodali appears to have acknowledged that he was an independent contractor, the Court cannot, at this stage, conclude as a matter of law that

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

Kodali was in fact an independent contractor rather than an employee. "The determination of employee or independent-contractor status is one of fact if dependent upon the resolution of disputed evidence or inferences . . . . If the evidence is undisputed, the question becomes one of law . . . ." S.G. Borello & Sons, Inc. v. Dep't of Indust. Relations, 48 Cal. 3d 341, 349, 26 Cal. Rptr. 543, 547 (1989). Importantly, despite the agreements that describe Kodali as an independent contractor, "[t]he label placed by the parties on their relationship is not dispositive, and subterfuges are not countenanced." Id. Under California law, "'the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired . . . .'" Id. at 350, 26 Cal. Rptr. at 548 (quoting Tieberg v. Unemployment Ins. Appeals Bd., 2 Cal. 3d 943, 946, 88 Cal. Rptr. 175, 177 (1970)). "[T]he right to discharge at will, without cause" is "strong evidence of an employment relationship." Id. Additional factors considered when differentiating between an employee and an independent contractor include:

> (a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

Id. at 351, 256 Cal. Rptr. at 548. "'Generally, . . . the individual factors cannot be applied mechanically as separate tests; they are intertwined and their weight depends often on particular combinations.'" Id. (quoting Germann v. Workers' Comp. Appeals Bd., 123 Cal. App. 3d 776, 783, 176 Cal. Rptr. 868, 871 (1981)).

According to the offer letter, Kodali was to serve as Chief Operations Officer. At this stage of the proceedings, the Court has no information if such a position is typically performed by an independent contractor. In his role, Kodali was expected to "[p]articipate in marketing, advertising, and PR related projects. Coordinate tasks, and organize work flow among staff and contractors. Actively participate in capital raising efforts, including review and preparation of business information, and meetings with current and prospective investors, business partners, clients and customers, as directed by management. Report to the Founders, Board of Directors, CEO, and CTO. Considering the early-stage at which you're joining the company you will be entitled to the privileges and the title as Co-founder." These responsibilities are not necessarily consistent with being an independent contractor. At least on this record, the Court cannot rule as a matter of law that Kodali was not a City Drinker employee. The Court therefore cannot dismiss Kodali's employment cross-claims on the basis that he was an independent contractor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

City Drinker additionally seeks dismissal of Kodali's fourteenth cross-claim for breach of the implied covenant of good faith and fair dealing because tort damages are not available for the breach of an employment contract. Although Kodali admits that he is not seeking tort damages through his implied covenant claim, he nevertheless contends that it is a valid claim. Because Kodali has a breach of contract cross-claim that the Court has already concluded states a viable claim, and Kodali is not seeking tort damages as a result of his implied covenant claim, the implied covenant claim serves no purpose:

> A breach of the contract may also constitute a breach of the implied covenant of good faith and fair dealing. But insofar as the employer's acts are directly actionable as a breach of an implied-in-fact contract term, a claim that merely realleges that breach as a violation of the covenant is superfluous. This is because, as we explained at length in Foley, the remedy for breach of an employment agreement, including the covenant of good faith and fair dealing implied by law therein, is solely contractual. In the employment context, an implied covenant theory affords no separate measure of recovery, such as tort damages. Allegations that the breach was wrongful, in bad faith, arbitrary, and unfair are unavailing; there is no tort of "bad faith breach" of an employment contract.

Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 3352, 100 Cal. Rptr. 2d 352, 377 (2000) (citing Foley v. Interactive Data Corp., 47 Cal. 3d 654, 682-700, 254 Cal. Rptr. 211, 227-39 (1988)). Because Kodali's implied covenant claim is superfluous, and he has not explained why the claim is necessary when he has also asserted a breach of contract claim, the Court dismisses Kodali's fourteenth cross-claim for breach of the implied covenant of good faith and fair dealing without leave to amend.

Finally, City Drinker seeks dismissal of Kodali's seventeenth cross-claim for wrongful termination in violation of public policy because, according to City Drinker, the 1st Amended Cross-Complaint does not allege the violation of any fundamental public policy. Kodali's Opposition asserts that the 1st Amended Cross-Complaint's allegations concerning City Drinker's alleged failures to pay Kodali amounts owed to him in violation of California law and disparate treatment as a result of Kodali's race and national origin are sufficient to state a claim for termination in violation of public policy. At least at this stage of the litigation, the Court concludes that Kodali has alleged sufficient facts to state a viable cross-claim for wrongful termination in violation of public policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

**<u>Conclusion</u>**

      For all of the foregoing reasons, the Court dismisses the 1st Amended Cross-Complaint's first through tenth cross-claims asserting derivative claims and the fourteenth cross-claim for breach of the implied covenant of fair dealing without leave to amend. Cross-Defendants shall file their Answer to the remaining eleventh through thirteenth and fifteenth through twenty-first cross-claims contained in the 1st Amended Cross-Complaint by no later than June 9, 2014.

      IT IS SO ORDERED.