UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

On December 15, 2014, the Court warned the parties that future violations of the Federal Rules of Civil Procedure, the Local Rules, or the orders of the Court may result in the imposition of sanctions. Despite this warning, plaintiff City Drinker, Inc. ("City Drinker") and defendants Lakshmi Kodali and LAD Software Solutions Ltd., Pvt. ("Kodali") have submitted certain unilateral pretrial documents that were not prepared with the consultation of the opposing party despite requirements contained in the Court's Scheduling Order and the Local Rules that the parties prepare and file certain documents jointly. Other documents, including proposed jury instructions and a status report regarding settlement, that were ordered to be filed no later than January 9, 2015, have not been filed.

The Court's review of the documents submitted, and a declaration submitted by Kodali's counsel, establish that there has been a complete breakdown in communication between the parties. The conduct of counsel, and the worthless pretrial documents that were submitted to the Court, are unacceptable.

The Court orders lead trial counsel to meet and confer <u>in person</u> concerning the pretrial documents. This meet and confer must occur no later than January 14, 2015. The parties shall file revised pretrial documents by 12:00 p.m. on January 15, 2015. Lead trial counsel shall file declarations concerning their meet and confer efforts no later than 12:00 p.m. on January 15, 2015. The declarations shall discuss what efforts they have made to narrow the issues for trial and to prepare pretrial documents that comply with the Local Rules and this Court's orders. Once the Court has reviewed the revised pretrial documents and counsel's declarations, the Court will notify the parties if they have made sufficient progress to proceed with the pretrial conference, currently on calendar for January 16, 2015, at 1:30 p.m.

Because the parties were previously warned that future violations of the Federal Rules of Civil Procedure, the Local Rules, or the orders of the Court may result in the imposition of sanctions, and the parties have nevertheless appeared to violate the Local Rules and the Court's orders, the parties and their counsel are ordered to show cause in writing why they should not be sanctioned. These sanctions may include claim preclusive sanctions, including the striking of City Drinker's federal securities fraud claim, partial or complete relief from the Court's entry of default against defendant Cheeti Pavan Kummar Rao,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9223 PA (PLAx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | City Drinker, Inc. v. Lakshmi Kodali, et al. | | |

the striking of Kodali's counterclaims or the entry of Kodali's default, and monetary sanctions up to $2,000.00. The parties' responses to this order to show cause shall be filed no later than 12:00 p.m. on January 15, 2015.

The Court further reminds the parties that if they elect to proceed with this action in state court and file a stipulation to dismiss with prejudice their federal claims, the Court would decline to exercise supplemental jurisdiction over their remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). If the parties stipulate to dismiss their federal claims, the statute of limitations would be tolled for 30 days to allow the parties to re-file the action in state court. See 28 U.S.C. § 1367(d). Should the parties dismiss the federal claims by 12:00 p.m. on January 15, 2015, they would not have to file the required revised pretrial documents and the Court would discharge the order to show cause why they should not be sanctioned.

IT IS SO ORDERED.